UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DORIS FREYRE,

    Plaintiff,

vs.                                                     Case No. 8:13-cv-02873-T-27TBM

HILLSBOROUGH COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant State of Florida's Objection to Magistrate Judge's Order on the State's Motion for Protective Order (Dkt. 139). Plaintiff has responded in opposition (Dkt. 140). Upon consideration, the objection is **OVERRULED**.

### INTRODUCTION

This is an appeal of the Magistrate Judge's order denying in part the State's motion for a protective order. Plaintiff seeks discovery from several state agencies: the Department of Health ("DOH"); the Office of the Attorney General ("OAG"); the Department of Children and Families ("DCF"); the Agency for Health Care Administration ("AHCA"); Children's Medical Services ("CMS"), a division of DOH; Children's Legal Services ("CLS"), a division of DCF staffed by attorneys from OAG; the Agency for Persons with Disabilities ("APD"); and the Children's Multidisciplinary Assessment Team ("CMAT"), comprised of representatives from CMS, AHCA, and Community Based Care, contending that these agencies should be considered parties for purposes of discovery. The State is maned as a Defendant in the operative complaint. It opposes

1

Plaintiff's discovery requests, contending that only DOH and OAG, which employed certain Defendants named in their individual capacities, are proper subjects for discovery. Upon review of the pleadings and the structure of state government, the Magistrate Judge found that all of the state agencies should be considered "party defendants for the purposes of discovery." (Dkt. 138 p. 6). The State seeks review of that determination with regard to DCF, AHCA, and APD.

## STANDARD

Federal Rule of Civil Procedure 72(a) permits a district court to refer any non-dispositive pretrial matter to a magistrate judge for disposition. A party may seek review of a magistrate judge's order on a non-dispositive pre-trial matter within fourteen days after service of the order.

A district court may modify or vacate a magistrate judge's order to the extent that the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. Unit A June 2, 1981)[1] ("[p]retrial orders of a magistrate . . . are reviewable under the clearly erroneous and contrary to law standard; they are not subject to a de novo determination.") (internal marks omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

## DISCUSSION

The State makes three objections to the Magistrate Judge's Order: (1) the allegations against

---

[1] Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

DCF, AHCA, and APD are insufficient to render them party defendants, (2) treating DCF, AHCA, and APD as party defendants for the purposes of discovery is contrary to law, and (3) DCF, AHCA, and APD were not served process as defendants.

The State's argument addressed to the sufficiency of the allegations is rejected. Although the agencies in question are not directly named in the complaint, as the Magistrate Judge correctly found, the allegations are reasonably construed to include those agencies. The complaint alleges that the Hillsborough County Sheriff's Office and Nextgen Alliance, Inc., both of which are named as Defendants, contracted with DCF to provide foster care and other services to children under state custody. (Dkt. 71 ¶¶ 6, 15, 19). The complaint alleges that attorneys employed by Children's Legal Services, a division of DCF, conspired to remove M.A.F. from Plaintiff's custody and move her to a nursing home in Miami. (*Id.* ¶¶ 22-25, 175). These allegations are sufficient, as the Magistrate Judge found, to "open the door to discovery" from DCF.

While the allegations are less direct with regard to AHCA and APD, a plain reading of the complaint supports party discovery from both agencies. The Magistrate Judge found, and the State does not dispute, that AHCA is the administrator of Florida's Medicaid program. Some of the most significant allegations in the complaint concern the availability of Medicaid funds for the care of M.A.F., specifically that a representation of the lack of Medicaid funds for full-time home care set off a chain of events leading to M.A.F.'s removal from Plaintiff's care and eventual transport to Miami. (*See* Dkt. 71 ¶¶ 36, 52, 56-57, 68-69, 181). APD, the state agency that serves the developmentally disabled, is likewise implicated by the complaint's allegations addressed to home care. (*See id.* ¶¶ 59-60).

Next, the State argues that it lacks control over any discoverable documents possessed by AHCA, APD, and DCF. However, the Magistrate Judge found that each of those agencies are within

the executive branch, with department heads appointed by the Governor and serving at the Governor's pleasure. And the State does not dispute the Magistrate Judge's findings describing the structure of State government. It contends that the Office of the Attorney General is not required to and has not been retained to defend APD, AHCA, and DCF, and therefore lacks control over documents possessed by those agencies. This argument misapprehends the applicable standard for party discovery.

Under Rule 34, Fed. R. Civ. P., a party is subject to discovery of documents within its "control," which is "defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).[2] There is no question that, as the Magistrate Judge found, the Governor has the authority to obtain the documents and information possessed by these agencies.[3] The State therefore has "control" over agency documents for purposes of Fed. R. Civ. P. 34, and they are therefore subject to party discovery. *Searock*, 736 F.2d at 653; *Costa v. Kerzner Intern. Resorts, Inc.*, 277 F.R.D. 468, 470-71 (S.D. Fla. 2011). *Accord Rosie D. v. Romney*, 256 F. Supp. 2d 115, 119 (D. Mass. 2003) (finding in class action brought by Medicaid recipients against state executive officials that officials had control over

---

[2] The State cites *Sjuts v. State*, 754 So. 2d 781 (Fla. 2d DCA 2000) in support of its position. In *Sjuts*, the petitioner had been involuntarily committed awaiting trial to determine whether he was "a sexually violent predator" as defined by Fla. Stat. § 394.912. The State successfully obtained discovery from the petitioner as a party, and the petitioner sought party discovery from the State. The Second District Court of Appeal affirmed the trial court's decision to deny Sjuts' motion to compel discovery from the State and to grant a protective order to the State.

*Sjuts* is distinguishable on several grounds. Most importantly, *Sjuts* was decided on the basis that the Florida "rules of civil procedure as they currently exist simply are not adequate to answer [the] questions . . . addressing the discovery issues that arise when 'the State,' rather than a named state agency, appears as a party in a civil action." *Id.* at 784. In the federal system, Rule 34 clearly allows party discovery when a party to an action has "control" over the documents in question. *Sjuts* also arose in the context of civil commitment of sexual predators, a statutory scheme with unique procedural rules. *See* Fla. Stat. § 394.9155.

[3] The State also cites *New York ex. rel. Boardman v. National R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D.N.Y. 2006), but this case actually supports the Magistrate Judge's analysis. In *Boardman*, New York, as plaintiff, and the defendant sought discovery pursuant to Fed. R. Civ. P. 34 from the Office of State Comptroller. Analyzing New York law, the court found that the State Comptroller was "totally autonomous from the governor and the rest of the executive branch" and therefore not subject to discovery. 233 F.R.D. at 264. Here, by contrast, the State of Florida does not dispute that the agencies in question are within the executive branch and subject to control by the Governor.

documents and information, for purposes of Rule 34, that were in the possession of subcontractors that administered the state's Medicaid program).

Finally, the State argues that the agencies were not served with process. As Freyre argues, however, this argument is waived. After initially being served, the State successfully moved to quash service of process pursuant to Rule 4(j), Fed. R. Civ. P. (Dkts. 6, 12). The summons was reissued and the State was served, and eventually answered the complaint as the "State of Florida," without limiting its appearance or party status to any particular agency. (Dkt. 95).[4] "Challenges to service of process will be waived . . . if not raised . . . in the first response to the plaintiff's complaint." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008). The State cannot complain now that it was not properly served, and as explained, the State has control over the documents within the meaning of Rule 34, Fed. R. Civ. P.[5]

The Magistrate Judge's findings and conclusions are not clearly erroneous and he applied the correct legal standards. Accordingly, Defendant State of Florida's Objection to Magistrate Judge's Order on the State's Motion for Protective Order (Dkt. 139) is **OVERRULED**.

**DONE AND ORDERED** this 8TH day of March, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[4] The State's motions to dismiss did not make any argument challenging service of process. (Dkts. 47, 76).

[5] To the extent the State contends that the agencies had to be served as parties for discovery pursuant to Rule 34, that argument is foreclosed by *Searock*. 736 F.2d at 653.

5